This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                         **NO. 28,325**

**MATTHEW BENJAMIN ALDERETE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

On June 27, 2008, the Supreme Court granted certiorari to review our memorandum opinion filed herein on May 15, 2008, and further ordered that the matter be held in abeyance in the Supreme Court pending its disposition of *State v. Maddox*, No. 30,526. On August 3, 2009, the Supreme Court filed its Order of Remand directing us to further consider our May 15, 2008 memorandum opinion "in light of[ ]*State of New Mexico v. Maddox*, [2008-NMSC-062, 145 N.M. 242, 195 P.3d 1254] and[ ]*State of New Mexico v. Garza*, [2009-NMSC-038, 146 N.M. 499, 212 P.3d 387]." We now hold that *Garza* compels us to affirm the district court order denying Defendant's motion to dismiss for a violation of his right to a speedy trial. We therefore affirm Defendant's convictions.

A more detailed summary of the factual and procedural history of this case can be found in our prior Memorandum Opinion. *State v. Alderete*, No. 28,325, slip op. (N.M. Ct. App. May 15, 2008, *cert. granted*, 2008-NMCERT-006, 144 N.M. 381, 188 P.3d 105. For purposes of this decision, we note the following facts.

Defendant appealed to this Court following a conditional plea of guilty under which he reserved his right to appeal the denial of his motion to dismiss for a speedy trial violation. We reversed, concluding that under our existing precedent, Defendant's constitutional right to a speedy trial was violated.

We first concluded that this is a simple case. Under *Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991), a nine-month delay was considered presumptively prejudicial for a simple case. Since the delay between Defendant's indictment on November 16, 2006, and his conditional guilty plea on September 25, 2007, amounted to ten months and eight days, it was presumptively prejudicial. The delay therefore triggered further analysis of Defendant's speedy trial claim under the *Barker v. Wingo*, 407 U.S. 514 (1972), factors: "'Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *See Zurla v. State*, 109 N.M. 640, 642, 789 P.2d 588, 590 (1990) (quoting *Barker*, 407 U.S. at 530).

We concluded that the length of delay, one month and eight days beyond the nine-month threshold, weighed slightly in Defendant's favor. We also determined that the reason for the delay, the State's motion for an extension to negotiate a plea arrangement, weighed against the State based upon our opinion in *State v. Maddox*, 2007-NMCA-102, 142 N.M. 400, 166 P.3d 461, *rev'd by* 2008-NMSC-062, 145 N.M. 242, 195 P.3d 1254. The third factor, Defendant's assertion of the right, weighed in Defendant's favor because he made a speedy trial demand, he opposed the State's petition for an extension, and he filed a motion to dismiss based on the violation of his right to a speedy trial. Finally, we determined that the fourth factor of undue prejudice

3

did not weigh in Defendant's favor. We therefore held, "Because three of the four speedy trial factors weigh in Defendant's favor, we conclude that the State has not rebutted the presumption of prejudice established by the delay in this case." *Alderete*, No. 28,325, slip op. at 10.

In *Garza*, the Supreme Court reviewed our state's speedy trial jurisprudence and "abolish[ed] the presumption that a defendant's right to a speedy trial has been violated based solely on the threshold determination that the length of delay is 'presumptively prejudicial.'" 2009-NMSC-038, ¶ 1. As a result, a "presumptively prejudicial" length of delay does not establish a presumption of a speedy trial violation, but rather triggers further inquiry into the *Barker* factors. *Garza*, 2009-NMSC-038, ¶ 21. Additionally, without a showing of particularized prejudice by a defendant, a successful speedy trial violation requires that "the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [that the] defendant has asserted his right and not acquiesced to the delay." *Id.* ¶ 39. The Court also extended the amount of time necessary before a delay becomes "presumptively prejudicial." *Id.* ¶ 47. The threshold delay for a simple case is now one year. *Id.* ¶ 48. This new guideline applies "to speedy trial motions to dismiss initiated on or after August 13, 2007." *Id.* ¶ 50.

Applying *Garza* to Defendant's case, we are compelled to revisit our holding. Defendant filed his motion to dismiss on September 17, 2007, which subjects his speedy trial claim to the new one-year presumption for simple cases. *See id.* ¶ 48. Further, there is no indication that there was any possibility of prejudice to Defendant's defense that would require increased speed in bringing the case to trial. *See id.* ¶ 49 ("Where [the] possibility [of prejudice to the defendant's defense] is realized and the defendant suffers actual prejudice as a result of delay, these guidelines will not preclude the defendant from bringing a motion for a speedy trial violation though the delay may be less than one year."). In fact, we previously held that Defendant did not show actual prejudice as a result of the delay. Consequently, further analysis of the *Barker* factors in light of *Maddox* is not required.

For the reasons stated in this opinion, we affirm the district court order denying Defendant's motion to dismiss for a violation of his right to a speedy trial and affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

5

_____

**ROBERT E. ROBLES, Judge**